UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 19-cr-127 (TNM) |
| : | |
| **WALTER PARKER,** : | |
| Defendant. : | |

### UNITED STATES' MOTION TO CONTINUE TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to continue the trial date in this case to a date agreeable to the Court and the parties in approximately 45 to 60 days. The government further requests that the time between January 28, 2022, and the future trial date be excluded under the Speedy Trial Act. This Motion was not filed lightly and is grounded in the considerations listed below:

First, given the recent surge in COVID-19 cases in the District of Columbia and throughout the United States, the government was provided with new guidance from the Department of Justice that would limit the government's ability to prepare for trial. Specifically, in a Memorandum dated January 14, 2022, Lee J. Lofthus, Assistant Attorney General for Administration outlined the Department's actions in response to the recent nationwide surge of infections related to the emergence of the highly transmissible COVID-19 Omicron variant. Agencies were advised to take measures to reduce the frequency of close contacts among agency personnel and any additional precautions deemed appropriate to prevent the spread of COVID-19. Among the outlined measures were continued use of face coverings, limiting in-person office attendance, and limiting travel to essential travel only.

Before trial, the government will need to prepare with six witnesses. The government's

DNA expert witness is based in the state of Texas, and the government anticipates the witness' presence for trial would require both air transportation and the use of a hotel upon his arrival in Washington, D.C. While the government is not aware of any witnesses currently ill with COVID-19, the government's ability to prepare its case and arrange for the presence of witnesses at trial will undoubtedly continue to be affected by the challenges of the ongoing global pandemic.

Crucially, counsel for the defendant informed the government that he contacted the Correctional Treatment Facility to speak with his client yesterday and was informed that the defendant's unit within the facility is currently in quarantine. Counsel was told that while the date of the defendant's next availability is unknown, the defendant will be unavailable to speak to his counsel for at least five days. Counsel was further informed he should attempt contact again in five days to learn whether the quarantine has been lifted. The government submits that counsel's inability to speak with his client is a significant barrier to counsel's ability to prepare effectively for trial.

The government also submits its Addendum to the Motion to Continue Trial, under seal, detailing the unexpected unavailability of Special Assistant United States Attorney E. Meg Ariotti. SAUSA Ariotti began working the Federal Major Crimes section on November 8, 2021, and was informed on December 3, 2021, that she would replace AUSA Christopher Berridge as second chair for this trial, as AUSA Berridge is departing the United States Attorney's Office at the end of January 2022. Since that time, SAUSA Ariotti has assumed her role in trial preparation with AUSA Mary Dohrmann, including correspondence with defense counsel, this Court, and the government's witnesses. AUSA Dohrmann and SAUSA Ariotti were most recently present on the Court's telephonic status conference that took place on January 14, 2022.

For the above reasons, the government requests that the February 8, 2022, trial date be

vacated, and the parties be permitted to select a new trial date at the January 28, 2022 pretrial conference. The government further moves for a finding of excludable delay between January 28, 2022 and the future trial date.

Title 18, United States Code, § 3161(h)(8)(A), permits the Court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds, "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the Court may consider when determining whether to exclude time pursuant to § 3161(h)(8)(A). Pursuant to those provisions, the government requests that the time constitute excludable delay because the ends of justice served outweigh the best interests of the defendants and the public in a speedy trial. The excludable delay requested is reasonable and necessary so that the parties can fully prepare for trial.

Finally, given the ongoing pandemic and the corresponding challenges and limitations to trial preparation and execution, especially as is the case here, where there are multiple witnesses, and at least one must travel to the District of Columbia for trial, exclusion of time is appropriate. The Chief Judge recently noted, "a Speedy Trial Act exclusion was appropriate through February 18, 2022, for those criminal cases that cannot be tried consistent with health and safety protocols before that date, as the ends of justice served by the continuances to protect public health and safety and the fair trial rights of a defendant outweighed the best interest of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 316l(h)(7)(A)." See In Re: Postponement of Jury Trials and Closing of Public Access to Clerk's Office in Light of Current Circumstances Relating to the COVID-19 Pandemic, Standing Order 21-83 (BAH) (Dec. 30, 2021) (citing In Re: Speedy Trial Act Exclusions Case 1:21-cr-00416-RDM Document 83 Filed 01/07/22 in Light of Current Circumstances Relating to the COVID-19 Pandemic, Standing Order No. 21-79 (BAH) (Dec. 13, 2021)).

The government has conferred with counsel for the defendant. Given counsel's inability to speak with his client at this time, counsel takes no position on this Motion to Continue Trial.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that its motion be granted.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  /s/E. Meg Ariotti
Emily (Meg) Ariotti
DC Bar No. 1739121
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Meg.Ariotti@usdoj.gov

/s/Mary L. Dohrmann
Mary L. Dohrmann
NY Bar No. 5443874
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Mary.Dohrmann@usdoj.gov

Dated: January 20, 2022